UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00048-GNS-HBB

**OM SHIV HOSPITALITY L.L.C.**                                                                 **PLAINTIFF**

**VS.**

**NORTHFIELD INSURANCE COMPANY**                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff OM Shiv Hospitality, L.L.C., at DN 27 to amend the scheduling order. Defendant Northfield Insurance Company has responded in opposition at DN 28. Plaintiff has not filed a Reply, and the time for doing so has expired.

Nature of the Case

Plaintiff owns a motel located in Horse Cave, Kentucky, which was insured against physical damage by Defendant Northfield (DN 1-1, p. 2). Plaintiff submitted a claim for policy benefits due to damage by wind, hail, and water (*Id.*). Northfield denied the claim, contending that any damage was not storm-related and was due to deterioration of the structure (*Id.*). Plaintiff initially filed the action in Hart Circuit Court on February 17, 2024, alleging breach of contract, bad faith, and violation of the Kentucky Unfair Claims Settlement Practices Act (*Id.* at p. 1). Northfield removed the case to this Court on March 12, 2024, under diversity jurisdiction (DN 1).

The initial scheduling order was entered on May 8, 2024 (DN 11). The order provided that Plaintiff's extracontractual claims were bifurcated and in abeyance pending resolution of the underlying contract claim (*Id.* at p. 6). On that claim, fact discovery was to be completed by

February 27, 2025 (*Id.* at p. 2). Plaintiff's expert disclosure was due by that same date, and Defendant's was due April 3, 2025 (*Id.* at p. 5). Expert discovery was to be completed by May 29, 2025, and dispositive motions were due by July 31, 2025 (*Id.* at p. 6).

On January 27, 2025, the Court entered an agreed order extending the deadlines (DN 20). Fact discovery and expert witness discovery depositions were to be completed by May 29, 2025 (*Id.*). All other deadlines were unchanged.

## Plaintiff's Motion

Plaintiff filed the subject motion on May 29, 2025—the deadline for completing fact and expert discovery. Plaintiff's motion asks that fact and expert discovery be extended to September 1, 2025 (DN 27). Plaintiff's motion also asks that its deadline for designation of expert witnesses (which had already expired on February 27, 2025) be extended to September 1, 2025, which would make the deadlines for Plaintiff's expert disclosure and completing expert discovery the same day (*Id.*). Moreover, the Plaintiff asks that Defendant's deadline for expert disclosure be extended to November 1, 2025, thus falling two months after the proposed deadline for completing expert discovery (*Id.*).

Plaintiff's motion only explains the reason for requesting more time is that "the Parties have been engaging in discovery and although several of Plaintiff's witnesses' deposition [*sic*] have been taken, many of Defendant's witnesses still need to be deposed" (DN 27, p. 1). Plaintiff also notes that, when Defendant previously requested an extension of the deadlines, Plaintiff agreed; however, now that Plaintiff had requested an extension the Defendant refused to reciprocate (*Id.* at p. 2).

Defendant's Response

Defendant responds that, under Fed. R. Civ. P. 16(b)(4), a scheduling order may only be modified for good cause and with the Court's consent, thus Defendant argues that the Plaintiff has failed to demonstrate good cause (DN 28, p. 1). The Defendant has accurately identified the applicable analysis, which the undersigned will address in the following discussion.

Discussion

Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). Where amendment of a scheduling order is to allow additional time for discovery, the Court considers a number of factors. These include: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [*i.e.* the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (citation omitted). The party seeking to amend the scheduling order bears the burden of demonstrating good cause. *Bailey v. Real Time Staffing Servs.*, No. 2:11-CV-02055V, 2012 U.S. Dist. LEXIS 206200, at *2 (W.D. Tenn. Nov. 6, 2012).

Plaintiff's motion fails to explain why it was unable to conduct discovery in the time allotted. Moreover, Plaintiff has failed to avail itself of the opportunity to address that question by way of a Reply. In that regard, the undersigned notes that Plaintiff has been aware of the issues

3

which are the subject of discovery since before it filed suit as demonstrated by the exhibits appended to its Complaint. Plaintiff had over a year from the time the scheduling order was entered in which to conduct discovery. Defendant's Response sets out the manner in which it was responsive to Plaintiff's discovery requests, and Plaintiff has not disputed that representation (DN 28-2). Plaintiff has not explained how the failure to conduct discovery was the result of anything other than inaction on its part, nor the importance of any remaining discovery it desires to take. In sum, Plaintiff has failed to satisfy any of the *Dowling* elements justifying amendment of the discovery deadlines.

**WHEREFORE**, Plaintiff's motion to amend the scheduling order, DN 27, is **DENIED**.

*[Signature]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 24, 2025

Copies: Counsel