UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-0048-GNS-HBB

OM SHIV HOSPITALITY L.L.C.
d/b/a HORSE CAVE MOTEL                                                    PLAINTIFF

v.

NORTHFIELD INSURANCE
COMPANY                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Exclude Plaintiff's Experts (DN 32) and Defendant's Motion for Summary Judgment (DN 33). The motions are ripe for adjudication.

**I.      STATEMENT OF FACTS AND CLAIMS**

This case concerns alleged storm damage to the property of OM Shiv Hospitality L.L.C. d/b/a Horse Cave Motel ("HCM"). Around March 3, 2023, a storm allegedly damaged HCM's roof. (Notice Removal Ex. 1, at 4, DN 1-1 [hereinafter State Ct. Compl.]). HCM filed a claim with its insurer, Northfield Insurance Company ("Northfield"), which Northfield denied. (State Ct. Compl. ¶ 6). HCM brought suit in Hart Circuit Court (Kentucky) against Northfield for breach of contract, bad faith, and a violation of the Kentucky Unfair Claims Settlement Practice Act. (State Ct. Compl. ¶¶ 14-24). Northfield then removed the case to this Court. (Notice Removal 1-3, DN 1). Northfield now moves to exclude two of HCM's experts and for summary judgment on HCM's claims against it. (Def.'s Mot. Exclude 1, DN 32; Def.'s Mot. Summ. J. 1, DN 33).

1

## II.  JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The Court has jurisdiction over this matter based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1).  The parties are citizens of different states, and the amount in controversy exceeds $75,000.  (Notice Removal 2-3).

## III.  DISCUSSION

### A.  Motion to Exclude (DN 32)

#### 1.  *Failure to File a Response*

At the outset, the Court notes that HCM has failed to file a response to Northfield's motion. Pursuant to LR 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion."  Nevertheless, the Court will consider the merits of Northfield's motion.

#### 2.  *Failure to Comply with Fed. R. Civ. P. 26*

Fed. R. Civ. P. 26(a)(2) requires the disclosure of the identity of any expert witness it may use at trial, accompanied by the expert witness's signed report, if the witness was "retained or specially employed to provide expert testimony in the case . . . ."  Fed. R. Civ. P. 26(a)(2)(A), (B).

The report must contain:

> (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii)  any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be filed in compliance with a court's scheduling order. Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders."). In this instance, the Court's scheduling order mandated that HCM complete its expert disclosures by February 7, 2025. (Scheduling Order 5, DN 11).[1]

Northfield does not dispute that HCM filed a document naming its purported expert witnesses on February 27, 2025, but argues that this document was not compliant with Fed. R. Civ. P. 26 and therefore was not an effective expert disclosure. (Def.'s Mot. Exclude 3-4; *see also* Def.'s Mot. Exclude Ex. 1, at 1-2, DN 32-1 [hereinafter Pl.'s Expert Disclosure]). HCM's purported disclosure identifies two experts: Brandi Carroll ("Carroll") and Richard Stanley ("Stanley"). (Pl.'s Expert Disclosure 1). HCM states that both experts are "expected to testify regarding the loss, harm, and damage to the dwelling and contents caused by the fire, and the estimates of repair to the dwelling and contents." (Pl.'s Expert Disclosure 1-2). HCM indicates that each expert's estimates of repair are attached to the disclosure and invites Northfield to "see deposition." (Pl.'s Expert Disclosure 1-2).

In this instance, HCM failed to disclose all the information required by Fed. R. Civ. P. 26(a)(2)(B), including "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition . . . ." Fed. R. Civ. P. 26(a)(2)(B)(v). Neither Carroll nor Stanley's curriculum vitae contains a list of previous cases in which they provided expert testimony. (*See* Def.'s Mot. Exclude Ex. 3, at 1-2, DN 32-3; Def.'s Mot. Exclude Ex. 4, at 1, DN

---

[1] While some deadlines in the scheduling order were subsequently altered, this did not affect HCM's expert disclosure deadline. (*See* Agreed Order 1, DN 20 ("All other terms of the Court's May 8, 2024 Order (DN 11), to the extent they are not inconsistent with this Order, are incorporated herein.")).

32-4). Similarly, HCM's direction to "[a]lso, see deposition" is unhelpful because no part of the depositions that are in the record contain the required information. HCM's purported disclosure also does not contain a complete statement of the opinions of each expert witness, the basis for those opinions, the facts the experts relied upon in forming those opinions, or virtually any of the other content required by Fed. R. Civ. P. 26.

HCM did provide Northfield with Carroll and Stanley's repair estimates. (Pl.'s Expert Disclosure 1-2; Def.'s Mot. Exclude Ex. 2, DN 32-2). This also falls short of the disclosure requirements. As this Court has recognized, "an expert's report must explain factually 'why and how' the witness reached an opinion." *Christy v. Liberty Mut. Ins. Co.*, No: 1:23-CV-00176-GNS-HBB, 2024 WL 4171353, at *3 (W.D. Ky. Sep. 12, 2024) (quoting *Burke v. U-Haul Int'l*, No. 3:03-CV-32-H, 2004 WL 5499520, at *11 (W.D. Ky. Dec. 7, 2004)). Dealing with similar facts, the district court for the Middle District of Florida observed:

> The repair estimates do not mention any of Walls' observations. They also fail to explain how Walls determined the scope of work to be performed or how he used Xactimate to generate the estimate. Nor does he provide any details about the claimed inspection. In short, the repair estimates do not include all of Walls' opinions or explain how he arrived at the figures reported. Thus, the estimates do not satisfy Rule 26.

*Graves v. Great Lakes Ins. SE.*, No. 2:23-CV-373-SPC-KCD, 2024 WL 3219191, at *2 (M.D. Fla. June 28, 2024).

"The remedy for the failure to file the required expert report . . . is exclusion of the opinion testimony, unless [HCM] can establish that the failure was either substantially justified or harmless." *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020) (citing *Avendt v. Covidien Inc.*, 314 F.R.D. 547, 559 (E.D. Mich. 2016)); *see* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

at a trial, unless the failure was substantially justified or is harmless."). To assess whether an omitted or late disclosure is substantially justified or harmless, the Sixth Circuit considers five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that the [failure] was 'harmless' or 'substantially justified.'" *Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 666 F. Supp. 2d 820, 826 (N.D. Ohio 2009) (quoting Fed. R. Civ. P. 37(c)(1)) (citing *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 756 (E.D. Mich. 2008)). Absent this showing by the non-movant, exclusion of the non-disclosed experts is "automatic and mandatory." *See id.* (quoting *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir. 2004)) (citing *SPX Corp.*, 574 F. Supp. 2d at 757).

As discussed, HCM has not responded to Northfield's motion, so it cannot make the required showing that its failure to properly disclose was harmless or substantially justified. While this alone compels exclusion, the factors also weigh for exclusion. First, absent full disclosure, Northfield has little knowledge of the experts' opinions and therefore has no means of adequately responding to the experts' testimony at trial. Second, neither HCM nor the court could reasonably cure the surprise. Northfield has already made its expert disclosures without the benefit of proper disclosure from HCM. Curing this defect would involve reopening the expert disclosure process which would lead to undue delay and expense to both parties. Third, allowing late disclosure would disrupt trial as Northfield's experts would have to respond to opinions and testimony which

5

they would not have been able to review in the experts' reports. Fourth, the expert testimony about damages is undoubtedly important to HCM's case, but this factor alone does not excuse HCM's nondisclosure. Fifth, HCM has provided no explanation for its nondisclosure. Accordingly, these factors weigh against excusing HCM's nondisclosure.[2]

### 3.    *Carroll's Compensation*

Independent of the nondisclosure issue, Northfield also avers that Carroll must be excluded because she is compensated on a contingency basis. As the Sixth Circuit has stated:

> In answering the question of whether a lawyer may knowingly present testimony of an expert witness who is being compensated on a contingent fee basis, the Kentucky Ethics opinion answers: "No in cases where the support services include the provision of expert witness testimony or in arrangements that involve the splitting of legal fees with a nonlawyer."

*Martello v. Santana*, 713 F.3d 309, 314 (6th Cir. 2013) (citing KBA Ethics Op. E-394 (1996)). The contract between Carroll and HCM makes clear that she is to be paid ten percent of "the total amount paid by the insurance company for the loss."[3] (Def.'s Mot. Exclude Ex. 6, at 1). Carroll also testified in her deposition that she was paid based on HCM's recovery from its insurer. (Caroll

---

[2] Moreover, Northfield points out that this is not the first time HCM's counsel has ineffectively disclosed Carroll and Stanley as experts. In *Christy v. Liberty Mutual Insurance Co.*, this Court excluded Carroll and Stanley's testimony due to insufficient expert disclosures by the plaintiff, who was represented by the same counsel as HCM. *Christy*, 2024 WL 4171353, at *3-4. As in this matter, the plaintiff in *Christy* stated that Carroll and Stanley would "testify regarding the loss, harm, and damage to the dwelling and contents caused by the fire, and the estimates of repair to the dwelling and contents[,]" when *Christy* actually involved storm damage. *Id.* at *3. The plaintiff in *Christy* also failed to comply with the other requirements in Fed. R. Civ. P. 26(a)(2)(B). *Id.* The Court notes that HCM has made largely the same errors in this matter.

[3] Carroll's fee agreement is slightly different than the one at issue in the KBA ethics opinion cited by the court in *Martello*. The ethics opinion contemplates the splitting or payment of contingency fees directly between an attorney and an expert witness. KBA Ethics Op. E-394 (1996). Carroll's fee agreement is not between her and HCM's attorney, but between her and HCM directly. (Def.'s Mot. Exclude Ex. 6, at 1, DN 32-6). This agreement, however, implicates the same ethical concerns as those examined in the ethics opinion because it gives Carroll, an expert witness, a financial stake in the outcome of this case.

Dep. 80:20-82:11).   Accordingly, Carroll's contingency-based compensation also compels the exclusion of her testimony.

For these reasons, Northfield's motion to exclude Carroll and Stanley will be granted.

### B.        Motion for Summary Judgment (DN 33)

Northfield has also moved for summary judgment on HCM's claims.  (Def.'s Mot. Summ. J. 1).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party moving for summary judgment may satisfy its burden [of] show[ing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'"  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim.  *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case[,]" or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).  "The mere existence of a scintilla of

7

evidence in support of the [moving party's] position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the [moving party]." *Anderson*, 477 U.S. at 252.

### 1. *Breach of Contract Claim*

Northfield argues that it should be granted summary judgment on HCM's breach of contract claim because, without its experts, HCM cannot prove the essential elements of breach and damage. (Def.'s Mem. Supp. Mot. Summ. J. 5-8, DN 33-1). HCM replies that expert testimony is not required to prove causation or damages and Patel can testify about the damage that occurred. (Pl.'s Resp. Def.'s Mot. Summ. J. 4-6, DN 36).

A court sitting in diversity jurisdiction applies the contract law of the state in which it sits. *Gravity Diagnostics, LLC v. Lab'y Billing Sols., Inc.*, No. 2:21-CV-02 (WOB), 2022 WL 3448628, at *2 (E.D. Ky. Aug. 17, 2022) (citing *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 196 (6th Cir. 2016)). "Under Kentucky law, the elements of a breach-of-contract claim are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss caused by the breach." *Myers v. AgriLogic Ins. Servs., LLC*, 694 F. App'x 373, 376 (6th Cir. 2017) (citing *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. App. 2009)). As a sister court has explained:

> Under Kentucky law, "the burden is on the beneficiary [of an insurance policy] to establish . . . by some evidence, his right to recover." *N. Am. Accident Ins. Co. v. White*, 80 S.W.2d 577, 578 (Ky. 1935); *see also Ryan P. Estes, D.M.D., P.S., P.S.C. v. Cincinnati Ins. Co.*, 542 F. Supp. 3d 585, 590 (E.D. Ky. 2021) ("Under Kentucky law, the burden is on the insured to establish coverage."). In doing so, the insured must demonstrate that the injury sustained was caused by a covered event. *Hunt v. Life & Cas. Ins. Co. of Tenn.*, 204 S.W.2d 588, 589 (Ky. 1947) (Where plaintiff sued for breach of insurance contract, the Kentucky Supreme Court's predecessor affirmed a directed verdict in defendant insurance company's favor because plaintiff did not establish, or even contend, that there was a "causal relationship between the accident and the death of the insured [despite the fact that it] was incumbent upon the plaintiff to show such a causal relation.") (citations omitted); *White*, 80 S.W.2d at 578 ("where the policy covers an injury or death sustained in a particular manner, the accident causing either must be within the stipulations as

set forth therein"); *Travelers Indem. Co. of Am. v. Tew*, No. 5:20-cv-292-JMH, 2021 WL 5380944, at *3 (E.D. Ky. Nov. 17, 2021) ("The party seeking to establish coverage bears the burden of establishing that the incident at issue was within the scope of the policy.") (alterations omitted) (quoting *Secura Ins. Co. v. Gray Constr., Inc.*, 717 F. Supp. 2d 710, 714-15 (W.D. Ky. 2010)).

*Banks v. Farmers Prop. & Cas. Ins. Co.*, No. 23-81-DLB-CJS, 2025 WL 1348916, at *3 (E.D. Ky. May 8, 2025).

Northfield's argument centers on HCM's lack of expert testimony establishing causation and damages. (Def.'s Mem. Supp. Mot. Summ. J. 7 ("Absent any admissible opinions on causation and the reasonableness and necessity of repairs and their associated costs, Plaintiff can only speculate that Northfield breached the terms of the Policy.")).  HCM responds that expert testimony is not necessary to prove causation or damages—Ashok Patel ("Patel), HCM's owner, can testify about the damage to the roof caused by the storm. (Pl.'s Resp. Def.'s Mot. Summ. J. 5-6).  HCM, however, fails to point to any testimony offered by Patel that creates a genuine issue of material fact as to causation or damages.  HCM asserts that Patel "testified that the roof began leaking immediately after the storm and that no such leaks existed before." (Pl.'s Resp. Def.'s Mot. Summ. J. 3).  In the three pages of deposition testimony cited by HCM in support of this proposition, however, no such testimony exists. (*See* Patel Dep. 37:1-39:25, Mar. 12, 2025, DN 36-1).

Even if such testimony exists elsewhere in Patel's deposition, HCM has not cited to it nor provided the Court with a complete transcript of the deposition.  A trial court does not have a duty at the summary judgment stage to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479-80 (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).  Accordingly, HCM has not carried its burden under Kentucky law of establishing a genuine dispute as to whether any alleged damage to HCM's premises was caused

by a covered event under HCM's insurance policy.  Northfield's motion will be granted for this reason.

### 2.    *Bad Faith and Kentucky Unfair Claims Settlement Act Claims*

Northfield argues that it should be granted summary judgment on HCM's bad faith and Unfair Claims Settlement Act claims because HCM has failed to establish the existence of insurance coverage for the alleged damage.  (Def.'s Mem. Supp. Mot. Summ. J. 8).  Under Kentucky law, a contractual coverage obligation must exist for a bad faith claim to proceed.  *See Travelers Indem. Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018).  Whether coverage exists is a "prerequisite to a bad faith claim against an insurer." *White Pine Ins. Co. v. McIntosh*, No. 5:21-238-KKC, 2022 WL 2512771, at *8 (E.D. Ky. July 6, 2022) (citing *Travelers Indem. Co.*, 565 S.W.3d at 568).  Therefore, absent a contractual obligation for an insurer to provide coverage, a bad faith claim cannot survive.  In this instance, HCM has no surviving contract claim, so its remaining claims cannot survive.  Northfield's motion will be granted for this reason.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Defendant's Motion to Exclude Plaintiff's Experts (DN 32) is **GRANTED**.

2.    Defendant's Motion for Summary Judgment (DN 33) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

3.    The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
May 8, 2026

cc:    counsel of record

10